IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| MARK CHANDLER, | ) | |
| | ) | Civil Action No.:    3:22-cv-00620-MGL |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | **(Jury Trial Demanded)** |
| TODD EUGENE DAY AND TODD | ) | |
| EUGENE DAY D/B/A RATS LOADS | ) | |
| A/K/A RATS TRANSPORTATION | ) | |
| | ) | |
| Defendants. | ) | |

COME NOW THE PLAINTIFF, Mark Chandler (hereinafter by name or "Plaintiff"), by and through his undersigned counsel, and for his Complaint against the above-named Defendants, would respectfully show unto this Honorable Court as follows:

## PARTIES

1.    Plaintiff Mark Chandler was at all times relevant to this Complaint a citizen and resident of Columbia, South Carolina in Richland County.

2.    Upon information and belief, Defendant Todd Eugene Day ("Defendant Day") was at all times relevant to this Complaint a citizen and resident of Burke County, North Carolina.

3.    Upon information and belief, at all times relevant to this Complaint, Defendant Day conducted business as Rat Loads, and Rat Loads was not a business organized and existing under any state laws.  Rat Loads is also known as Rats Transportation.

4.    Defendant Day and Defendant Day d/b/a Rat Loads a/k/a Rats Transportation ("Rat Loads") may be referred to herein as "Defendants."

5.      Upon information and belief, Defendant Day d/b/a Rat Loads had his principal place of business in Connelly Springs, North Carolina, but regularly transacted business in Lexington County, South Carolina and was doing so at all times relevant to this Complaint.

6.      Upon information and belief, Rat Loads has never registered an agent in South Carolina though, upon information and belief, it regularly transacted business in different counties in the State of South Carolina, including Lexington County, at or near the time of the incident upon which this Complaint is based.

7.      Defendant Day d/b/a Rat Loads is a business for which there may be no information or misinformation in the public domain. Plaintiff has attempted to do different searches to obtain the proper corporate identity for Defendant Day d/b/a Rat Loads, as well as Rats Transportation. If the names are improper in some way, Defendant should be able to use the description of itself and its company to be able to identify if it is the correct entity to be named in this action. If so, it is required to comply with the Summons, which requires them to file an answer to this action within (30) days of service of the Summons and Complaint.

8.      Upon information and belief, Defendant Day d/b/a Rat Loads had the right and/or power to direct and control the manner in which its employees and/or agents, including Defendant Day himself, transacted business, followed company policy and procedure, or acted as company employees or agents while doing business in the State of South Carolina.

9.      Upon information and belief, Defendant Day d/b/a Rat Loads had non-delegable duties to provide truck driver employees and/or agents, including Defendant Day himself, who were adequately trained to safely and properly operate company trucks.

10.    At all times relevant to this action, Defendant Day was required to adhere to and follow all state and federal regulations, laws, and safety guidelines regarding the safe driving of his business vehicle(s).

11.    The negligent, grossly negligent, or reckless acts, omissions, and liability of Defendant Day d/b/a Rat Loads includes that of its agents, principals, employees, and/or servants, both directly and vicariously, pursuant to principals of non-delegable duty, corporate liability, apparent authority, agency, ostensible agency, and/or respondeat superior.

12.    Defendant Day and Defendant Day d/b/a Rat Loads a/k/a Rats Transportation are jointly and severally liable for all injuries and damages alleged herein.

## JURISDICTION AND VENUE

13.    Plaintiffs re-allege the above paragraphs as if fully set forth herein.

14.    Plaintiff is a citizen of the State of South Carolina. Defendants are a citizen of and a business based in North Carolina.

15.    The incident giving rise to the present action occurred in Lexington, South Carolina, located in Lexington County.

16.    The parties are citizens of different states.

17.    The amount in controversy in this action exceeds $75,000.00.

18.    This Court has subject matter jurisdiction over this matter pursuant to the parties' diversity of citizenship jurisdiction.

19.    Defendants, jointly and severally, regularly transact, conduct, and solicit business, engage in other persistent conduct, or derive substantial revenue from goods used or consumed or services rendered in Lexington County and caused tortious injury to the Plaintiff in Lexington County.

20.     Non-resident Defendants are subject to personal jurisdiction in this Court pursuant to the South Carolina Long Arm Statute, S.C. Code Ann. §§ 36-2-802 & -803.

21.     Jurisdiction and venue in this Court are appropriate pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441(a).

## **FACTS**

22.     Plaintiffs re-allege the above paragraphs as if fully set forth herein.

23.     On or about September 28, 2021, Mr. Chandler was an employee of Discount Headquarters and was tasked with handling general maintenance at the main facility located at 149 Queen Parkway, in West Columbia, South Carolina, and the company's pallet house, located at 106A White Oak Lane, Lexington, South Carolina.

24.     On or about September 28, 2021, Defendant Day, a commercial truck driver, picked up a trailer loaded with commercial goods with his commercial truck (upon information and belief, the truck was owned by Defendant Day and/or Defendant Day d/b/a Rat Loads) and drove the goods to the Discount Headquarters pallet house.

25.     Defendant Day parked his truck at the pallet house with the rear of the truck-trailer facing a loading dock.  The truck was parked a short distance from the loading dock and not directly up against it.

26.     Defendant Day exited his truck and then, after some time, walked up the driver's side and re-entered the truck's cab.

27.     Prior to re-entering the truck cab, Defendant Day failed to ensure that the loading dock was clear, and that no person or object was between him and the edge of the loading dock.

28.     After Defendant Day re-entered his truck, Mr. Chandler walked out of the pallet house warehouse and on to the ground at the base of the loading dock and proceeded to cut boxes.

29.     While Mr. Chandler was standing at the base of the loading dock, Defendant Day put his truck in reverse and backed toward the loading dock.

30.     Defendant Day backed up to the warning dock without sounding or providing a warning in any other manner that he was backing his truck to the loading dock.

31.     Defendant Day backed his truck all the way up to the loading dock and struck Mr. Chandler.

32.     Even after striking Mr. Chandler, Defendant Day continued to reverse his truck, thereby crushing Mr. Chandler's body between the truck and the loading dock.

33.     Defendant Day failed to keep a proper lookout while he was reversing to the loading dock and failed to stop his truck to avoid striking and crushing Mr. Chandler.

34.     Mr. Chandler suffered a broken pelvis and internal bleeding.

35.     Mr. Chandler has become obligated for the payment of large sums of money for doctor bills and other medical attention and treatment and may be obligated for payments for future medical attention and treatment.

36.     Mr. Chandler suffered permanent injuries which will continue to cause him pain, suffering, and discomfort requiring him to seek medical treatment at some time in the future.

37.     Mr. Chandler has suffered, and may suffer in the future, lost wages, lost earning capacity and lost earning opportunity

38.     All of Mr. Chandler's injuries and damages have caused him to suffer great physical pain and mental suffering up to and including the present time.

### FIRST CAUSE OF ACTION
**(Negligence)**
**(Direct Liability- Defendant Day; Vicarious Liability/Respondeat Superior- Defendant Day d/b/a Rat Loads)**

39.     Plaintiffs reincorporate all paragraphs above as if fully set forth herein.

40.     Plaintiff is informed and believes Defendant Day owed multiple duties to Plaintiff, including, but not limited to, driving the commercial truck in a safe manner and obeying state and federal laws and regulations.

41.     Defendant Day knew or had reason to know that failing to uphold and fulfill his duties was reasonably likely to result in serious injury or death to others such as Plaintiff.

42.     Defendant Day breached multiple duties to Plaintiff and was negligent, grossly negligent, and reckless, in the following respects:

    a.  In failing to pay attention to the direction he was backing his truck;

    b.  In failing to keep a proper lookout;

    c.  In paying attention to other matters when Defendant Day should have been paying attention to the direction he was backing his truck;

    d.  In failing to apply the brakes to avoid striking Mr. Chandler;

    e.  In failing to ensure the path between the truck and the loading dock was clear;

    f.  In failing to ensure it was safe to reverse his truck;

    g.  In failing to sound, or provide in any other manner, a warning sign that he was backing his truck;

    h.  In failing to yield to a pedestrian;

    i.  In texting or engaging in some type of behavior that caused him to disregard Mr. Chandler before striking him and crushing his body against the loading dock;

    j.  In violating state and federal laws enacted to protect the safety and health of pedestrians and other drivers, so as to constitute negligence *per se*;

    k.  In driving in a distracted and fatigued condition;

    l.  In generally failing to use the degree of care and caution that a reasonably prudent person would have used under the same or similar circumstances;

    m.  In failing to slow or stop his truck to avoid striking Mr. Chandler;

n.  If Defendant Day is a self-employer who owns and operates his own truck, in failing to obtain the proper skill and requisite training and experience prior to operating a commercial truck-trailer; and,

o.  In such other ways as may be ascertained through discovery.

43.     All of the acts and/or omissions above constitute negligence, carelessness, recklessness, wantonness, gross negligence, and/or negligence per se, and are attributable to Defendant Day d/b/a Rat Loads under the doctrine of respondeat superior.

44.     As a direct and proximate result of Defendant Day's negligent, careless, reckless, and grossly negligent acts and omissions, Mr. Chandler suffered severe, debilitating, and permanent personal injuries, pain, loss of range of motion, loss of strength, suffering, mental anguish, embarrassment, loss of quality of life, and loss of opportunity to pursue non-economic hobbies, and has incurred substantial medical bills to date and may continue to incur medical bills in the future.

45.     As a further direct and proximate result of Defendant Day's aforementioned acts and/or omissions, Mr. Chandler suffered and will suffer in the future lost wages, lost earning capacity, and lost earning opportunities.

46.     All of Mr. Chandler's damages should be determined by a jury.

## AS TO DEFENDANT DAY d/b/a RAT LOADS
### (Institutional Liability)

47.     Plaintiff reincorporates all paragraphs above as if fully set forth herein.

48.     Plaintiff is informed and believes Defendant Day d/b/a Rat Loads owed multiple duties to Plaintiff, including, but not limited to, providing a driver who was able to drive a commercial truck in a safe manner, and engaging in the proper hiring, oversight, supervising and training of commercial vehicle drivers (such as Defendant Day).

49.     Defendant Day d/b/a knew or had reason to know that failing to uphold and fulfill its duties was reasonably likely to result in serious injury or death to others such as Plaintiff.

50.     Plaintiff is informed and believes that Defendant Day d/b/a Rat Loads had duties to persons who may come into contact with the truck-trailer, including but not limited to Mr. Chandler, and its actions in contributing to this incident were negligent, careless, reckless, wanton, and grossly negligent at the time and place hereinabove mentioned in the following particulars:

    a.  in failing to have in place policies and procedures to train and/or monitor its agents and/or employees, or if such procedures were in place, in failing to enforce them;

    b.  in failing to have in place adequate policies and procedures to mandate compliance by its agents and/or employees with statutes, laws, and regulations regarding the loading, unloading and transportation of commercial goods through interstate commerce, or if such policies and procedures were in place, in failing to enforce them;

    c.  in failing to have in place an adequate safety program for the safety and protection of persons who would be around truck-trailers driven, loaded, or unloaded (which includes driving up to and away from facilities' loading docks) by its agents and/or employees, or if such a program was in place, in failing to implement it;

    d.  in failing to ensure its agents and/or employees had the proper training and experience to be able to drive the truck-trailer and/or load and unload a truck-trailer in a safe and effective manner;

    e.  in entrusting the driving, loading and unloading of goods in the truck-trailer to its agents and/or employees when it knew or should have known that its agents and/or employees could not drive the truck-trailer and/or load and unload the goods inside the trailer in a safe and effective manner;

    f.  in failing to ensure that its agents and/or employees had sufficient, adequate and current training, credentials, and skills to properly drive a truck-trailer and/or load and unload commercial goods;

    g.  in continuing to allow Defendant Day to drive the truck-trailer and/or load and unload commercial goods when it knew or should have known Defendant Day was not qualified or had the requisite skill to do so; and

    h.  in generally failing to use the degree of care and caution that a reasonably prudent entity would have used under the same or similar circumstances.

51.     As a direct and proximate result of Defendant Day d/b/a Rat Load's negligent, careless, reckless, and grossly negligent acts and omissions, Mr. Chandler suffered severe, debilitating, and permanent personal injuries, pain, loss of range of motion, loss of strength, suffering, mental anguish, embarrassment, loss of quality of life, and loss of opportunity to pursue non-economic hobbies, and has incurred substantial medical bills to date and may continue to incur medical bills in the future.

52.     As a further direct and proximate result of Defendant Day d/b/a Rat Load's aforementioned acts and/or omissions, Mr. Chandler suffered and will suffer in the future lost wages, lost earning capacity, and lost earning opportunities.

53.     All of Mr. Chandler's damages should be determined by a jury.

WHEREFORE, Plaintiffs pray for judgment against Defendants for actual, consequential and special damages, for an award of punitive damages, for costs and attorneys' fees and for such other and further relief as this court deems just and proper.

Respectfully submitted by,

s/Kambrell H. Garvin
Anna S. Magann, Federal ID #11974
McGowan, Hood, Felder & Phillips, LLC
137 Professional Ln., Suite B
Pawleys Island, SC 29585
Telephone: (843) 833-8082
Facsimile: (843) 833-8092
amagann@mcgowanhood.com

Kambrell H. Garvin, Federal ID #13508
McGowan, Hood, Felder & Phillips, LLC
S.C. Bar Number: 104437
1517 Hampton St.
Columbia, SC 29201
Telephone: (803) 779-0100
Facsimile: (803) 787-0750
kgarvin@mcgowanhood.com

Columbia, South Carolina
February 28, 2022